UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LYNDA M. CASTILLO-LARA,

    Plaintiff,

        v.

MAISIE KING, AARON WISE, and
LUTHERAN SOCIAL SERVICES,[1]

    Defendants.

Case No. 24-cv-1274-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Lynda M. Castillo-Lara's motion for leave to proceed *in forma pauperis* (Doc. 5).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th

---

[1] Castillo-Lara's statement of her claim attached to the complaint form lists Lutheran Social Services, LLC, as a defendant as well as King and Wise. The Court will direct the Clerk of Court to add that organization to the docket sheet. Compl. 6 (Doc. 3).

Cir. 1982).

Aside from whether the plaintiff is indigent, the Court questions whether the case states a claim over which the Court has subject matter jurisdiction in light of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine, established in the cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), prevents a party from attempting to relitigate in federal district court a judgment entered in state court. *Feldman*, 460 U.S. at 486. The *Rooker-Feldman* doctrine only applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

Although the plaintiff claims a violation of her constitutional rights, it appears she is complaining of damages she suffered as a result of a state agency (Department of Children and Family Services) or a state court decision regarding custody and visitation of her children. Defendant King, a Lutheran Social Services employee, was the caseworker assigned to her case, and defendant Wise was the attorney who represented her in the proceeding. She claims to have appealed the decision "through Springfield." Comp. ¶ III.C. She now asks this Court to restore her parental rights and award her damages for harm to her family. If the Court's understanding of the case is correct, the Court lacks jurisdiction over this matter because of the *Rooker-Feldman* doctrine.

The Court therefore **ORDERS** the plaintiff to **SHOW CAUSE** on or before July 15, 2024, why this case should not be dismissed for lack of subject matter jurisdiction. In her response to this order to show cause, it would be helpful for the plaintiff to inform the Court of the case number(s) of any state court cases and appeals regarding the parental rights she asks to

be restored.   Failure to respond to this order may result in dismissal of this case for lack of subject matter jurisdiction **or** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court **RESERVES RULING** on the plaintiff's motions for leave to proceed *in forma pauperis* (Doc. 5) and for recruitment of counsel (Doc. 4) pending resolution of this jurisdictional question.   The Court further **DIRECTS** the Clerk of Court to add Lutheran Social Services, LLC to the docket sheet as a defendant.

**IT IS SO ORDERED.**
**DATED: June 14, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
