UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LYNDA M. CASTILLO-LARA,

    Plaintiff,

        v.

MAISIE KING, AARON WISE, and
LUTHERAN SOCIAL SERVICES,

    Defendants.

Case No. 24-cv-1274-JPG

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Lynda M. Castillo-Lara's motion for recruitment of counsel (Doc. 4). Whether to assign an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. U.S. District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rules 83.1(j) and 83.8(b) obligate members of the bar of this Court to accept assignments.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it herself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or

jury himself." *Id.* at 655.   In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history.   *Id.*

Castillo has presented evidence that she has made a reasonable attempt to obtain counsel on her own.   However, at this stage of the case, she appears competent to litigate it herself. Castillo has some college, and, although English is not her primary language, her filings to date demonstrate the ability to coherently communicate facts and arguments.   It is further true that she is a prisoner.   However, prisoners frequently litigate cases in this Court without the assistance of counsel, and Castillo has not demonstrated why she cannot do so as well.

For this reason, the Court **DENIES** her motion for recruitment of counsel **without prejudice** (Doc. 4).

**IT IS SO ORDERED.**
**DATED: October 11, 2024**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**