UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LYNDA M. CASTILLO-LARA,

 Plaintiff,

  v.

MAISIE KING, AARON WISE, and
LUTHERAN SOCIAL SERVICES,

 Defendants.

Case No. 24-cv-1274-JPG

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

 This matter comes before the Court on plaintiff Lynda M. Castillo-Lara's motions for recruitment of counsel (Doc. 46) and for a subpoena (Doc. 48). The Court also addresses Castillo's failure to respond to the motion to dismissed filed by defendants Lutheran Social Services of Illinois ("LSSI") and Masie King (Doc. 34).

**I. Counsel**

 This is Castillo's second motion for recruitment of counsel (Doc. 46). LSSI and King have responded to the motion (Doc. 49), and Castillo has replied to that response (Doc. 54).

 In ruling on her previous motion for counsel, the Court informed her that assignment of counsel to represent her in a civil case is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. U.S. District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rules 83.1(j) and 83.8(b) obligate members of the bar of this Court to accept assignments.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it herself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

In denying her earlier motion for counsel (Doc. 4), the Court noted that Castillo had made a reasonable attempt to obtain counsel on her own but that, based on her education level and English language skills, she appeared competent to litigate it herself.

In this motion, Castillo says she does not understand any of the motions or how she should respond to them. In light of the well-presented arguments in the motion to dismiss filed by defendants LSSI and King (Docs. 34, 35, & 38), and the similar arguments in the motion to dismiss filed by defendant Aaron Wise (Doc. 52), the Court believes the presence of counsel for Castillo in this case is unlikely to have a reasonable chance of changing the outcome of the case. Should the Court find differently after thoroughly considering the motions to dismiss, it will reconsider Castillo's request for counsel. In the meantime, it will deny the motion for recruitment of counsel (Doc. 46).

The Court reminds Castillo that there are resources for *pro se* litigants at the Land of Lincoln Legal Aid website (https://lincolnlegal.org/) and office (Dorothy O. Cook Community Law Center, 8787 State Street, Suite 101, East St. Louis, IL 62203, Phone: (618) 398-0958).

She is no longer incarcerated, *see* https://idoc.illinois.gov/offender/inmatesearch.html (visited Jan. 24, 2025)*,* so she should be able to easily access those resources. Further, the Court will send Castillo its *Pro Se* Litigant Guide to assist in litigating this case.

## II.     Subpoenas

In her motion for subpoenas (Doc. 48), Castillo asks the Court to subpoena two witnesses, both former employees of LSSI. This motion is premature. A subpoena commands

> each person to whom it is directed to do the following at a specified time and place:   attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises. . . .

Fed. R. Civ. P. 45(a)(1)(A). They are useful for discovery, *see* Fed. R. Civ. P. 45(a)(1)(B)-(D), or for ensuring a witness's presence at a deposition, hearing or trial, *see* Fed. R. Civ. P. 45(c)(1).

Issuance of a subpoena is premature in this case because the Court has stayed discovery (Doc. 51) and trial is not until December 2025. If this case survives the pending motions to dismiss and Castillo requires the presence of a witness for discovery or a court proceeding, she may again ask the Court for issuance of a subpoena.

## III.     Show Cause

Defendants LSSI and King filed a motion to dismiss on December 20, 2024 (Doc. 34). Castillo's response was due 30 days after the motion to dismiss was served, SDIL-LR 7.1(b)(1)(A), but 30 days have passed and Castillo has not responded. Castillo also failed to request an extension of this deadline before it expired or at any time since. The Court will order Castillo to show cause on or before February 24, 2025, why the Court should not construe the failure to timely respond to the motion to dismiss as an admission that this case should be dismissed for the reasons stated in the motion. Failure to respond in a timely manner to this

3

order may result in dismissal of this action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). The Court notes that Castillo's response to defendant Aaron Wise's similar motion to dismiss (Doc. 52). is also due on February 24, 2025.

### IV.  Conclusion

For the foregoing reasons, the Court:

- **DENIES without prejudice** Castillo's motion for recruitment of counsel (Doc. 46);

- **DENIES without prejudice** Castillo's motion for a subpoena (Doc. 48);

- **ORDERS** Castillo to **SHOW CAUSE** on or before February 24, 2025, why the Court should not construe the failure to timely respond to LSSI and King's motion to dismiss as an admission that this case should be dismissed for the reasons stated in the motion; and

- **DIRECTS** the Clerk of Court to send Castillo a copy of the Court's *Pro Se* Litigant Guide.

**IT IS SO ORDERED.**
**DATED:   January 28, 2025**

               s/ J. Phil Gilbert
               **J. PHIL GILBERT**
               **DISTRICT JUDGE**