UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LYNDA M. CASTILLO-LARA,

    Plaintiff,

        v.

MAISIE KING, AARON WISE, and
LUTHERAN SOCIAL SERVICES,

    Defendants.

Case No. 24-cv-1274-JPG

### MEMORANDUM AND ORDER

    This matter comes before the Court on a variety of filings by plaintiff Lynda Castillo-Lara. In this case, Castillo-Lara asked the Court to restore her lost parental rights and to return her children to her after a state court ordered otherwise. She also sought restitution and damages for the defendants' role in those state proceedings. In April 2025, the Court dismissed her claims on a variety of grounds (Docs. 61 & 62). Now, more than six months later, Castillo-Lara has filed a document captioned "Statement of Claims" (Doc. 66), and motions for leave to proceed *in forma pauperis* (Doc. 67) and for recruitment of counsel (Doc. 68).

    The Court construes her "Statement of Claims" to be a motion for relief from a judgment pursuant to Federal Rule of Civil Procedure 60(b). *See Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Kemp v. United States*, 596 U.S. 528, 533 (2022); *Gonzalez v. Crosby*, 545 U. S. 524, 535 (2005). The rule authorizes a Court to grant relief from a judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). One of those specific reasons is a "mistake," Fed. R. Civ. P. 60(b)(1), which includes a judge's mistake of fact

or law.  *Kemp*, 596 U.S. at 533-34.   However, a Rule 60(b) motion is not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision.   *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995); *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000).

Castillo-Lara's "Statement of Claims" does not assert anything justifying the extraordinary relief of vacating a judgment under Rule 60(b).   She does not point to any "mistake" of fact or law by the Court.   Instead, she simply repeats the wrongs she alleged and the relief she requested in her original filings with the Court.   The Court finds no mistake in its original ruling and therefore declines to disturb its final judgment.   The proceedings in this case are over, and there is nothing for which Castillo-Lara needs *in forma pauperis* status or counsel.  Accordingly, the Court **DENIES** her motions (Docs. 66, 67 & 68).

**IT IS SO ORDERED.**
**DATED:   November 20, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
